UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GLORIA SANDIFORD,

    Plaintif,

vs.                                                 Case No. 3:08-cv-294-J-25MCR

MICHAEL J. ASTRUE,
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Substitute Party filed on September 1, 2009 (Doc. 16). Phyllis Newton requests that she be substituted as the party of record in place of deceased Plaintiff Gloria Sandiford in the above-captioned action. Ms. Newton represents that she is the sister of Plaintiff Sandiford, however; she provides no further explanation why she is the proper party to pursue Plaintiff Sandiford's claim for outstanding benefits.

Rule 25 of the Federal Rules of Civil Procedure governs substitution of parties upon death and provides, in pertinent part:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party ...

-1-

Fed. R. Civ. P. 25(a)(1). This rule sets forth the procedural method by which the original action may proceed if the right of action survives in favor of the party sought to be substituted. Marcano v. Offshore Venezuela, C.A., 497 F. Supp. 204, 207 (E.D. La. 1980). Substitution cannot be permitted where there is no legal relationship between movant and deceased other than kinship. Roberson v. Wood, 500 F. Supp. 854 (S.D. Ill. 1980). Therefore, a sibling seeking substitution must have an actual interest in the original action either as successor, representative, or beneficiary.

42 U.S.C. § 404(d), entitled "Payment to survivors or heirs when eligible person is deceased," describes the various classes of persons, in descending order of priority, who may receive any outstanding benefits administered by the Social Security Administration and owed to a decedent. See Peers v. Apfel, 1998 U.S. Dist. LEXIS 18487 (S.D.N.Y. 1998); 42 U.S.C. § 404(d)(1-7). A member of any of the enumerated classes has standing to pursue the deceased beneficiary's benefits. See Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 247 (6th Cir. 1995).

Ms. Newton may qualify to pursue Plaintiff Sandiford's claim for benefits if she is the legal representative of the estate. Section 404(d)(7) grants the right to outstanding benefits to the legal representative of the estate *if* no other individual(s) qualify under the classes described in paragraphs 1 through 6.[1] 42 U.S.C.S. § 404(d)(7). Therefore, Ms. Newton is not a proper party for substitution absent a showing that no other

---

[1] Ms. Newton is not a member of the classes described in paragraphs 1-6, as she is not a spouse, child, or parent of the deceased. 42 U.S.C.S. § 404(d)(1-6).

individual(s) qualify under the classes described in 42 U.S.C. § 404(d)(1-6) *and* that she is the legal representative of Plaintiff Sandiford's estate.

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion to Substitute Party (Doc. 16) is **DENIED** without prejudice.

2. Plaintiff shall file a renewed Motion to Substitute Party on or before **Tuesday, September 15, 2009**. The Court will reserve ruling on Plaintiff's Petition for Award of Attorneys Fees (Doc. 17) until such time.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this 4th day of September, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party