UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Glorida Sandiford,

        Plaintiff,

vs.                                       Case No. 3:08-cv-294-J-MCR

Commissioner of Social Security,

        Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Amended Motion to Substitute Party (Doc. 21) filed on September 22, 2009. Plaintiff's Motion requests that Phillip Newton, father of deceased Plaintiff Gloria Sandiford, be substituted as the party of record.

As stated in this Court's previous Orders (Docs. 18, 22), 42 U.S.C. § 404(d), entitled "Payment to survivors or heirs when eligible person is deceased," describes the various classes of persons, in descending order of priority, who may receive any outstanding benefits administered by the Social Security Administration and owed to a decedent. See Peers v. Apfel, 1998 U.S. Dist. LEXIS 18487 (S.D.N.Y. 1998); 42 U.S.C. § 404(d)(1-7). Pursuant to 42 U.S.C. § 404(d)(3), Mr. Newton is the proper party to pursue Plaintiff Sandiford's claim for benefits because counsel for Plaintiff represents

that Plaintiff Sandiford did not leave either a surviving spouse or any surviving children.[1] (Doc. 23).

Accordingly, after due consideration, it is

**ORDERED**:

1. Plaintiff's Amended Motion to Substitute Party (Doc. 21) is **GRANTED**.

2. The Clerk is directed to change the caption of this case to reflect the correct name of the plaintiff.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  1st  day of October, 2009.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

---

[1] Pursuant to 42 U.S.C. § 404(d)(1-3), a parent of the deceased may only be entitled to the deceased's claim for benefits if the deceased leaves no surviving spouse or children.